UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELBERT MITCHELL,

                        Petitioner,

        -against-

MS. COPP, Acting Superintendent,

                        Respondent.

1:23-CV-8319 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner Elbert Mitchell, who is currently incarcerated in the Sing Sing Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his January 24, 2002 conviction in the New York Supreme Court, New York County. For the following reason, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

      The Court's records show that Petitioner previously filed a Section 2254 *habeas corpus* petition challenging the same state-court conviction, which the Court denied on the merits. *See Mitchell v. Artus*, No. 07-CV-4688, 2008 WL 2262606 (S.D.N.Y. June 2, 2008), *report & recommendation adopted*, 2008 WL 3884373 (S.D.N.Y. Aug. 21, 2008), *appeal dismissed*, No. 08-4631-pr (2d Cir. Mar. 18, 2009). Because that previous petition was denied on the merits, the present petition, which challenges the same state-court conviction, is a second or successive Section 2254 *habeas corpus* petition. *See Graham v. Costello*, 299 F.3d 129, 132-33 (2d Cir. 2002).

      Before a second or successive Section 2254 *habeas corpus* petition is filed in a federal district court, authorization from the appropriate court of appeals is required. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner must therefore move in the United States Court of Appeals for the

Second Circuit for permission to pursue this second or successive Section 2254 *habeas corpus* action.[1]

## CONCLUSION

In the interest of justice, the Court transfers this action to the United States Court of Appeals for the Second Circuit as a second or successive Section 2254 *habeas corpus* action. *See* 28 U.S.C. § 1631; *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996). This order closes this action in this court. If the Second Circuit authorizes Petitioner to proceed in this matter, he shall move to reopen this action under this civil docket number.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 4, 2023
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

---

[1] Any motion to the Second Circuit must show that: (A) the claim being raised by the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court [of the United States], that was previously unavailable," § 2244(b)(2)(A), or "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," § 2244(b)(2)(B)(i)-(ii).